petitioners' state-law claims were pre-empted under § 301 because their resolution was substantially dependent on interpretation of the applicable collective-bargaining agreement. 213 Ill. App. 3d 169, 175–176, 571 N. E. 2d 1215, 1218 (1991). Several Federal Courts of Appeals similarly have held that a court must look to defenses to determine whether a claim requires interpretation of a collective-bargaining agreement. See, *e. g.*, *Smith* v. *Colgate-Palmolive Co.*, 943 F. 2d 764, 769–771 (CA7 1991); *Hanks* v. *General Motors Corp.*, 859 F. 2d 67, 70 (CA8 1988).

By contrast, the Court of Appeals for the Third Circuit, relying on our decision in *Caterpillar Inc.* v. *Williams,* has held that "in order for there to be section 301 preemption, the plaintiff, in its well-pleaded complaint, must plead an action that requires interpretation of the collective bargaining agreement." That court accordingly examined the claims presented in the complaint and found no § 301 pre-emption. *Berda* v. *CBS Inc.*, 881 F. 2d 20, 25 (1989). See also *McCormick* v. *AT & T Technologies, Inc.*, 934 F. 2d 531, 545 (CA4 1991) (en banc) (Phillips, J., dissenting). The Illinois court below expressly rejected the reasoning of *Berda.*

I would grant certiorari to resolve this conflict.

No. 91–1220. VIEHWEG *v.* DEVEREUX. C. A. 8th Cir. Motion of petitioner to strike and for sanctions denied. Certiorari denied.

No. 91–704. RAY *v.* CONSOLIDATED RAIL CORPORATION, AKA CONRAIL, 502 U. S. 1048;

No. 91–755. CORAL CONSTRUCTION CO. ET AL. *v.* KING COUNTY, WASHINGTON, 502 U. S. 1033;

No. 91–847. JOHNSON *v.* JOHNSON ET AL., 502 U. S. 1059;

No. 91–6236. GARGALLO *v.* QUICK & REILLY CLEARING CORP. ET AL., 502 U. S. 1038;

No. 91–6272. PRESSLER *v.* UNITED STATES FIDELITY & GUARANTY CO. ET AL., 502 U. S. 1039;

No. 91–6384. IN RE RETTIG, 502 U. S. 1029;

No. 91–6395. DAVIS *v.* STONE CONTAINER CORP., 502 U. S. 1042;

No. 91–6481. VON CRONEY *v.* GARRETT, SECRETARY OF THE NAVY, 502 U. S. 1063;

No. 91–6505. WORTH *v.* UNITED STATES, 502 U. S. 1064; and

No. 91–6648. Eno v. United States, 502 U. S. 1080. Petitions for rehearing denied.

No. 90–7830. Miller v. Georgia, 501 U. S. 1259. Petition for rehearing denied. Justice Thomas took no part in the consideration or decision of this petition.

No. 91–5257. Holland v. United States, 502 U. S. 969. Motion for leave to file petition for rehearing denied.

## March 10, 1992

No. 91–7568 (A–673). Parks v. Reynolds, Warden, et al. C. A. 10th Cir. Application for stay of execution of sentence of death, presented to Justice White, and by him referred to the Court, denied. Certiorari denied.

## March 11, 1992

No. 91–615. Allied-Signal, Inc., as Successor-in-Interest to the Bendix Corp. v. Director, Division of Taxation. Sup. Ct. N. J. [Certiorari granted, 502 U. S. 977.] Case restored to calendar for reargument during the April session. The parties are requested to simultaneously file with the Clerk of this Court and serve upon the parties, on or before 3 p.m., Friday, April 10, 1992, supplemental briefs addressing the following questions:

"1. Should the Court overrule *ASARCO Inc.* v. *Idaho State Tax Comm'n*, 458 U. S. 307 (1982), and *F. W. Woolworth Co.* v. *Taxation and Revenue Dept. of New Mexico*, 458 U. S. 354 (1982)?

"2. If *ASARCO* and *Woolworth* were overruled, should the decision apply retroactively?

"3. If *ASARCO* and *Woolworth* were overruled, what constitutional principles should govern state taxation of corporations doing business in several states?"

Replies thereto, if any, are to be filed with the Clerk and served upon the parties on or before noon, Friday, April 17, 1992. The views of *amici curiae* are invited.

No. 91–1420. Growe, Secretary of State of Minnesota, et al. v. Emison et al. Appeal from D. C. Minn. Motion to expedite consideration of jurisdictional statement granted. Ap-